UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| BRUCE A. QUARLES,          Plaintiff, | : : : | |
| v. | : : | No. 2:90-cv-3625 |
| SAM SAMPLES, et. al.,          Defendants. | : : : | |

_____

**O P I N I O N**
Motion Seeking an Independent Action, ECF No. 6 – Denied

**Joseph F. Leeson, Jr.**                                                                                  **March 14, 2023**
**United States District Judge**

  In 1982, Bruce A. Quarles was found guilty of, among other things, second degree murder. After exhausting his appeal options, Quarles filed a habeas corpus petition under 28 U.S.C. § 2254. In 1991, the late Judge Raymond J. Broderick authored a memorandum that adjudicated Quarles's petition. In that memorandum, the Court addressed four claims made by Quarles. *See Quarles v. Samples*, No. CIV. A. 90-3625, 1991 WL 148773 (E.D. Pa. July 29, 1991).

  One of those claims was that a government witness, Clarence Smith, gave false testimony in exchange for an improper deal from the Government. The Court reasoned that "[n]othing in the record reveals any type of improper deal." *Id*. at *2. Instead, the Court assumed that Quarles had "misinterpreted testimony that Smith gave at his preliminary hearing in which he referred to a plea agreement between himself and the Commonwealth." *Id*. The Court determined that there was "no evidence that Smith's plea agreement was in any way improper." *Id*. Ultimately, the Court denied Quarles's petition. *See id*.

  Now, more than three decades later, Quarles has filed a motion seeking an independent action, in which he asks this Court to vacate its prior denial of his petition, grant the petition, and release him from state custody. *See* ECF No. 6, Mot. In his Motion, Quarles asserts that he never

argued that Smith received an improper deal in exchange for testifying against Quarles. Instead, Quarles claims that he argued in his petition "that it was 'unconstitutional' for the prosecutor to conceal from the court that [Smith] was testifying for a deal and, in so doing, denied him a fair trial." *Id*. In other words, Quarles argues that the late Judge Broderick misunderstood his original argument and, as a result, did not fully address one of his claims brought in his petition. Quarles argues that Judge Broderick's review and judgment of that claim amounts to a miscarriage of justice and that he is therefore entitled to relief from the Court's prior order denying his petition under Rule 60(d)(1) of the Federal Rules of Civil Procedure.

Under Rule 60(d)(1), a court may "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" An independent action brought under Rule 60(d)(1) "is generally treated the same as a motion under Rule 60(b)." *Sharpe v. United States*, No. CRIM. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010).

Rule 60(b) allows courts to provide relief from a final judgment for any of six reasons: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(6). Motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*. at 60(c)(1).

An independent action under Rule 60(d)(1) is often used as a "vehicle for reviewing a time-barred Rule 60(b) motion." *Fake v. Pennsylvania*, No. 1:17-CV-02242, 2019 WL 13255870, at *3 (M.D. Pa. Nov. 5, 2019) (cleaned up). Whereas the burden to prevail under Rule 60(b) is a heavy one, the burden under Rule 60(d) is even heavier. *See Jackson v. Ivens*, No. CV 01-559-LPS, 2019 WL 4604027, at *4 (D. Del. Sept. 23, 2019). Indeed, relief under Rule 60(d)(1) "is reserved for the

rare and exceptional case where a failure to act would result in a miscarriage of justice." 2010 WL 2572636, at *2 (citing *United States v. Beggerly*, 524 U.S. 38, 42–46 (1998)).

In order to maintain an independent action under Rule 60(d)(1), a plaintiff must establish a meritorious claim, lack of an alternative remedy, that the judgment is unconscionable, and that they have been diligent and are not at fault themselves. *See U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois*, 244 F. Supp. 2d 1057, 1062 (C.D. Cal. 2002); *see also Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 669 (W.D. Mich. 1991) (denying relief under Rule 60(b) because plaintiff "failed to take the steps necessary to protect its own interests"); *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."); *Hess v. Cockrell*, 281 F.3d 212, 217 (5th Cir. 2002).

Even if the Court assumes that the late Judge Broderick misconstrued Quarles's original claim brought in his petition, there remains an obvious hurdle for Quarles to get over; he waited more than thirty years to file his Motion for an independent action. Quarles argues that his Motion is nevertheless timely because there is no time restriction for bringing a motion under Rule 60(d)(1). Though that may be true, Quarles must still show that he has been diligent in pursuing his claim and that he has not been negligent by failing to bring it sooner. Quarles has not met that extremely high burden.

Quarles does not even attempt to explain why he delayed more than three decades to file his Motion. The Court issued its memorandum opinion denying Quarles's petition in 1991. Unlike a claim of fraud that was not known at the time of the judgment, or a claim relying on evidence discovered after the judgment was rendered, Quarles did not need to wait to bring his Motion. Quarles had all of the information needed to bring his current Motion as far back as 1991. That is,

Quarles had his petition, and he had the Court's reasoning for denying the claims brought in his petition.

If Quarles made an argument as to why he could not bring his Motion before now, then the Court could consider whether his delay was justified (such an argument would have to be extremely compelling to justify the substantial delay). However, because Quarles makes no such argument, there is nothing for the Court to consider. The Court therefore has little choice but to determine that he was not diligent in bringing his claim and that the delay in bringing the Motion was caused by Quarles's own negligence. Those reasons alone are fatal to Quarles's request for an independent action. As a result, the Court denies the Motion with prejudice.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge